[Civ. No. 7191. First Appellate District, Division Two.—August 27, 1930.]

MARGARET TOURTE, Appellant, v. HORTON MANU-FACTURING COMPANY (a Corporation) et al., Defendants; WASHER WILSON, INC., Respondent.

Philip M. Carey for Appellant.

Benjamin & Benjamin and Aaron Elmore for Respondent.

NOURSE, P. J.—Plaintiff sued for injuries arising out of the operation of a Horton washing-machine and wringer. The cause was tried before a jury and, at the close of

plaintiff's case, the trial judge granted a nonsuit. The plaintiff appeals on typewritten transcripts. Washer Wilson, Inc., was the only defendant served with process, hence the appeal relates to the interest of that party only.

Washer Wilson, Inc., was engaged in the business of selling the Horton washer with wringer attached and with the consent of appellant left a machine at her house for trial. Prior thereto an agent of respondent explained to appellant how the machine worked and advised her to call upon two of her neighbors who had purchased these machines and that these neighbors would show her how to operate the washer. This she did and when the machine was left at her home she set it up and operated it for about an hour when her right hand caught in the rollers of the wringer and was injured. The machine was provided with two "safety" devices to avoid such injuries—a release lever and a gear shift. The appellant testified that she used both of these during the hour she was operating the washer and that they worked perfectly. They were in perfect order after the accident. During the course of the trial the theory was advanced that one of these devices had become rusted and was in need of oiling, but the appellant testified that she was fully aware that they required oil; that she ascertained that they were not oiled before she began to operate the machine on that day; that, nevertheless, they worked without difficulty until her hand was caught between the rollers.

The motion for nonsuit was made upon the ground that the evidence showed no legal liability upon respondent's part. The motion was properly granted. The rule of law involved is found in 24 Ruling Case Law, page 509, which reads: "The dealer who purchases and sells an article in common and general use in the usual course of trade and business, without knowledge of its dangerous qualities, is not under a duty to exercise ordinary care to discover whether it is dangerous or not." In 45 Corpus Juris, 893, we find the same rule stated: "A dealer is under no duty or obligation to examine the articles which he sells to ascertain whether there are defects therein, and . . . is not liable for an injury arising from such defects where he had no actual knowledge thereof."

Here the evidence shows that the defect in the machine (if any) was a latent defect unknown to the seller who delivered the machine in its original wrappings as it was received from the manufacturer. If the safety devices needed oiling the absence of oil was known to appellant and not to respondent. The cases cited by appellant cover sales where latent defects were known to the seller and were not disclosed to the buyer. They have no application here. The basis of the liability is the seller's superior knowledge and concealment of the latent defects. When this knowledge is with the buyer and the defect is unknown to the seller the latter is not liable. (24 R. C. L., p. 510.)

The judgment is affirmed.

Sturtevant, J., concurred.