## SEARS, ROEBUCK & CO. v. MARHENKE.
### No. 9634.

Circuit Court of Appeals, Ninth Circuit.

June 24, 1941.

Rehearing Denied July 29, 1941.

Hoge, Pelton & Gunther and A. Dal Thomson, all of San Francisco, Cal., for appellant.

George K. Ford, Simpson Finnell, Jr., Russell T. Ainsworth, and Fletcher A. Cutler, all of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an action for damages for personal injuries, tried before the court without a jury. Findings and judgment were for the plaintiff in the sum of $5,000. Defendant appeals.

Plaintiff was scalded by hot water leaking from a rubber hot water bag purchased from the appellant by the parents of plaintiff, who was an infant fourteen days old at the time of the injury.

The judgment was based upon the finding that the appellant knew, or should have known, that the hot water bag was in a condition which made it unsafe for its intended use. The defect in the bag, as presented by an expert witness testifying for the plaintiff, was in the faulty method of construction of the stopper and the socket so that there was a slight leakage of water around the stopper. The witness testified that "the stopper and the thread in the bag and the seat are of hard rubber;

that the thread on the stopper is of poor irregular construction; that the seat is small, and the mold edges of the stopper are prominent where the mold comes together and forms a stopper, the ridges down the side are unduly prominent. * * * The construction is such that there is no assurance of its holding hot water safely. * * * The imperfections of the stopper and the corresponding threads are such that if sometimes you would screw it very tight it would leak quite freely at that time, then you would give it a little turn and it would not leak, but if you turn it a little further it would begin to leak freely again. * * * The blue back is so irregular in construction and the washer at the bottom so small and the mold edges are so high that you have got irregular conditions in screwing it up and get corresponding leakages under these irregular conditions." He testified that he believed the only safe rubber bag was one using metal threads and metal stopper, "so the threads would fit closely and tightly".

■ There was no evidence that the appellant knew that the construction of the stopper was faulty. The question of whether or not the appellant should have known of such defects depends upon whether or not the vendor who sells goods manufactured by another is obligated to inspect the goods to determine whether or not they are defective. This question was lately considered by the District Court of Appeal of the State of California in Tourte v. Horton Mfg. Co., 108 Cal.App. 22, 290 P. 919. It was held that a dealer who purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous qualities is not under duty to exercise ordinary care to discover whether it is dangerous or not. Citing, 24 R.C.L. 509; 45 C.J. 893. This decision is binding on this court because the transaction occurred in California. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284.

■ Whether we assume that the defects could only be discovered by such investigations as were made by the experts, or could have been ascertained by the simple test of filling the bag with water and inverting it after the stopper had been screwed into its socket, the appellant, under the rule stated in Tourte v. Horton Mfg. Co., supra, was under no obligation to make such inspection or test. The evidence is thus insufficient to sustain the finding of negligence. This case was originally briefed by the appellee upon the theory that the only question involved was that of liability for negligence; but, in its brief and upon the oral agrument, the appellant discussed the question of implied warranty, contending that it was not involved in the case at bar. The appellee agreed that the real question was one of negligence and not warranty. Neither side cited or discussed the provisions of the California statute governing the subject of implied warranty on sales. Upon having their attention directed to such statutory provisions the parties filed additional briefs upon the subject of statutory implied warranty. In his brief so filed the appellee contends that the allegations of the complaint were sufficient to sustain the judgment upon the ground of a breach of the warranty implied by statute.

The law in relation to implied warranty in sales of personal property in California is found in § 1735[1] of the California Civil Code, which is a part of the uniform sales law adopted in many other states.

■ It needs no argument to show that a plaintiff relying upon this provision of the Civil Code must plead and prove two essential facts: (1) that the buyer informed the seller of the particular purpose for which the goods were intended to be used, and, (2) that the buyer relied upon the seller's skill or judgment. Cf. Pigott v. Clark, 133 Cal.App. 53, 23 P.2d 800. But the complaint failed to allege one of these essential facts and the trial court made no finding as to the other.

■ The allegation of the complaint upon which the appellee now relies to show an implied warranty is as follows:

1 " * * * there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

"* * * that when said defendants sold and delivered said infant's hot water bag to plaintiff's father, as hereinafter set forth, they represented to him that it was in a safe condition and fit to use for the purposes aforesaid, and he believed said representations and relied thereon in purchasing said hot water bag."

It is evident that the language quoted was not used with the intention of meeting the requirements of subd. 1 of Civ.Code Cal. § 1735. A liberal construction of the allegation that the plaintiff's father relied upon the representation of the defendant would perhaps warrant us in treating it as a substantial equivalent of an allegation that he relied upon the "judgment or skill" of the seller in accordance with the statutory requirement. But we cannot supply a missing allegation and the portion of the complaint now relied upon by the appellee as supporting a recovery upon the basis of a breach of implied warranty makes no reference whatever to any information given by the buyer to the seller as to the particular purpose for which the goods were required.

It is equally evident that the action was not treated by the court as one upon an implied warranty. The court found that plaintiff's injuries were inflicted "by reason of the negligence of the defendant" and made no finding as to any reliance by plaintiff's father, the buyer, upon either the representation or the "judgment or skill" of the defendant, the seller.

Both pleadings and findings are entirely consistent with the position maintained by the appellee in his principal brief that "the action is not one for an implied warranty * * * but the complaint and findings of fact * * * present a case of negligence", etc., and altogether inconsistent with the theory of liability for breach of an implied warranty advanced in the supplementary brief. This is not a case in which issues not raised by the pleadings were tried by the "express or implied consent of the parties" and Rule 15(b), Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c, has therefore no application. The case was tried as one for negligence in accordance with the issues made by the pleadings.

Whether the evidence offered would have supported a judgment for breach of an implied warranty based upon other pleadings and findings we need not now determine. The present action must be treated as one for negligence only. It is therefore unnecessary to consider the argument of counsel with reference to the right of an infant to recover upon implied warranty made to his parents. Nor is it necessary to determine whether or not the opportunity of the purchasers to inspect the hot water bag brought them within the provisions of subd. 3 of § 1735, Civ.Code Cal., providing that there is no implied warranty as regards defects which an examination by the buyer "ought to have revealed." These questions of California law we do not determine on the present record. They have not been considered by the California courts so far as we know.

The judgment is reversed without prejudice to the right of plaintiff, if so advised, to amend the complaint and to adduce evidence to show the breach of an implied warranty.

HEALY, Circuit Judge (dissenting).

I think the complaint sufficiently alleged the breach of an implied warranty that the hot water bag was reasonably fit for the purpose for which it was bought. It alleged that such articles are made, sold and ordinarily used for the purpose of applying heat to the body of an infant; that the defendant was familiar with such use, and knew when it sold the article to plaintiff's father that it would be used in such manner; and the defendant represented to him that "it was in a safe condition and fit to use for the purpose aforesaid, and he believed said representations and relied thereon in purchasing said hot water bag." These averments, it seems to me, expressly or by necessary implication state (1) that the buyer informed the seller of the particular purpose for which the article was intended to be used, and (2) that the buyer relied upon the seller's skill or judgment. Consult § 1735, Civil Code of California.

In view of the present liberal rules of pleading (Rule 8, Rules of Civil Procedure) these allegations would ordinarily be held sufficient to support a recovery on a theory of implied warranty. The pleading apprised the defendant of the essential facts upon which plaintiff's claim was based. The facts alleged in this respect were fully established by the evidence, and the court so found. In my opinion both pleading and proof disclose a liability on the part of appellant for breach of the implied warranty of fitness. Appellant has not been prejudiced by appellee's insistence

on the theory of negligence. Indeed, appellant makes no claim of surprise, and it could not well do so. A substantial portion of appellant's opening brief on the appeal—more explicitly, seven pages of it—was devoted to a discussion of the warranty theory.

Appellant contends that there is no liability on its part for breach of warranty because of lack of privity of contract between appellee and itself. However, the holding of the California supreme court in Klein v. Duchess Sandwich Co., Ltd., 14 Cal.2d 272, 93 P.2d 799, would seem clearly to refute this contention. In that case it was claimed that there could be no recovery because plaintiff was not the "buyer" within the meaning of the statute, hence there was no privity of contract. The court rejected the argument, observing (14 Cal.2d at page 283, 93 P.2d at page 805) that "should such contention be upheld, the result would be that should a father or a mother of an infant child purchase from a grocer a bottle of unwholesome milk, or other deleterious food, for consumption by the child and, ensuing from its consumption thereof, the child became ill,—no damages therefor by reason of a breach of implied warranty would be recoverable. It would seem improbable that, in adopting the act, the legislature ever intended or even contemplated that such a construction would or could be placed upon the language of the section referred to herein."

While the Duchess Sandwich Co. case involved a sale of food, it seems obvious that the statute bears the same meaning whether the sale be of food or an infant's hot water bag.

I think the judgment should be affirmed.