## KAUFMANN v. BALDRIDGE.
## SAME v. PORTER.

### Nos. 3453, 3454.

Circuit Court of Appeals, Tenth Circuit.

July 17, 1947.

Gore & Babbit and Jas. J. McNamara, all of Clovis, N. M., for appellant.

Otto Smith, Fred E. Dennis, and Lynell G. Skarda, all of Clovis, N. M., for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On January 12, 1946, Kaufmann and Baldridge entered into a written contract whereby Baldridge agreed to sell and Kaufmann agreed to purchase about 200 head of steers at $14.75 per hundred-weight, to be delivered and weighted weighed at Clovis, New Mexico, between February 7, 1946, and April 1, 1946, at buyer's option, or as soon thereafter as railway cars for shipment could be obtained. The contract provided that the cattle should be Grade A when delivered and should not be fed on the morning of delivery. Kaufmann paid Baldridge $2,000 on the purchase price. The balance was to be paid at the time of delivery.

On the same day, Kaufmann and Porter entered into a contract whereby Porter

agreed to sell and Kaufmann agreed to purchase about 1000 head of steers at $14.75 per hundred-weight and 50 head of heifers at $14.00 per hundred-weight.

So far as here material, the provisions of the latter contract were of like import as the provisions of the Baldridge contract. Kaufmann paid Porter $10,000 on the purchase price. The balance was to be paid at the time of delivery.

On February 7, 1946, Kaufmann received and accepted 83 steers from Baldridge and 518 steers and 33 heifers from Porter. After deductions were made from the down payments, for the cattle delivered, there remained a balance in the hands of Baldridge of $1,170 and in the hands of Porter of $5,400.

Kaufmann refused to accept the balance of the cattle under each contract, respectively, and instituted actions against Baldridge and Porter to recover the balances of the down payments. The actions were consolidated. The issues of whether Baldridge was ready, able, and willing to deliver the cattle in accordance with the terms of his contract, whether he had breached such contract, and whether Kaufmann had breached such contract by refusing to accept the cattle, and like issues with respect to the Porter contract, were submitted to the jury under proper instructions. The jury found such issues in favor of Baldridge and Porter, respectively. The verdicts were supported by substantial evidence. Upon the breach of the contracts by Kaufmann, Baldridge and Porter resold the cattle without damage or loss.

From judgments in favor of Baldridge and Porter, Kaufmann has appealed.

The sole issue presented is whether Kaufmann is entitled to recover the respective balances of the down payments.

■■■ The contracts were made and were to be performed in the State of New Mexico. Hence, the law of New Mexico governs.[1] It is settled law in New Mexico that, where the purchaser, under an executory contract to sell, having made a down payment on the purchase price, refuses, without justification, to accept delivery of the subject-matter of the sale, and the seller is ready, able, and willing to perform in accordance with the terms of the contract, the purchaser will not be permitted to recover back such down payment.[2]

■■■ Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, we are bound by the decisions of the Supreme Court of New Mexico.

■■■ It follows that the judgments were right and they are affirmed.

[1] Alropa Corporation v. Rossee, 5 Cir., 86 F.2d 118, 119; Lawrence Nat. Bank v. Rice, 10 Cir., 82 F.2d 28, 34; Sauder v. Dittmar, 10 Cir., 118 F.2d 524, 528.

[2] Dunken v. Guess, 40 N.M. 156, 56 P. 2d 1123, 1126; Bell v. Lammon, 51 N.M. 133, 179 P.2d 757.