# Kratz et vir, Appellants, *v.* American Stores Company.

Argued April 14, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Roy B. Pope,* with him *Ralph J. Johnston* and *Johnston & Pope,* for appellants.

*Robert J. Doran,* with him *Reynolds, Reynolds & Doran,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 24, 1948:

In the absence of special circumstances, the retail vendor of an article of merchandise * in common and general use, purchased by him in the usual course of trade and business from a reputable manufacturer or dealer, and resold by him in its original sealed package or container labelled with proper warnings and directions as to use, is not liable to a customer for injuries caused by some latent defect in the article. This principle of law completely negatives plaintiffs' alleged cause of action in the present case.

The complaint avers that the wife plaintiff purchased from defendant company, which operated a store in the City of Wilkes-Barre, a bottle of liquid to be used for polishing stoves, known as "Black Cat Stove Polish", for which she paid the sum of fifteen cents. A couple of hours later she opened the bottle, poured some of its contents on a rag, and proceeded to polish the kitchen stove according to the directions on the bottle. While she was so engaged the polish "exploded or caught fire" and ignited the rag and also her clothing, causing her severe injuries to recover damages for which she and her husband brought the present action. Defendant filed preliminary objections in the nature of a demurrer to the complaint; these were sustained by the court below and judgment was entered for defendant.

Although the fact is not averred in the complaint, the parties agree that the bottle contained a label on which was the following warning: "Caution: this polish contains naphtha, unsafe when exposed to heat or fire."

There is nothing to indicate that the use of "Black Cat Stove Polish" was ordinarily attended by danger

---

* Other than food for human consumption, as to which different principles and warranties apply.

because of any inflammable or explosive qualities other than when brought into contact with heat or fire, and, as far as that danger was concerned, a warning was properly given. Under such circumstances there was no duty on the part of defendant to test the contents of each individual bottle. The dealer buying from a manufacturer is not presumed to know the formula by which the article is made or whether it is inherently dangerous; if the rule were otherwise no vendor of a manufactured article which might, from some hidden imperfection discoverable only by use, be a source of injury to the user, could venture to sell it unless he opened each bottle or broke open each package and subjected it to an analysis, an operation which would obviously be wholly impractical. "There are many necessary articles and things in common and general use throughout the country that are dangerous unless used with care, but the dealer who buys and sells them in the open market in the usual and ordinary course of his business, and who makes no representations or concealments, and does not know that the article is explosive or dangerous in its ordinary use, is not to be made liable merely because some person is injured or killed while handling it": 46 Am. Jur. 930, §805. As was said in *Ebbert v. Philadelphia Electric Co.*, 330 Pa. 257, 264, 198 A. 323, 327: "The rule of the nonliability of vendors in 'original package' cases is firmly established in the law". Thus it was held in *West v. Emanuel*, 198 Pa. 180, 47 A. 965, that in the sale of a patent or proprietary medicine purchased from the manufacturer by a druggist and sold by him to a customer, the druggist was not required to analyze the contents of each bottle or package he received, and if he delivered to the consumer the article called for with the label of the proprietary or patentee upon it he could not be charged with negligence in so doing. In *McSorley v. Katz*, 53 Pa. Superior Ct. 243, it was held that a retail grocer who sold to a customer a can of molasses, without any knowledge or reason to

suspect that it was any other than as indicated by the manufacturer's label on the can, was not liable for an injury to the customer sustained while prying open the can and caused by something being "thrown out like a shot of a gun" and striking her in the eye. In *Elizabeth Arden, Inc. v. Brown*, 107 F. 2d 938 (C. C. A. 3) it was similarly held that a department store was not liable in selling a bottle containing a toilet preparation which was found by the customer to have injurious effects when used, but which the store had purchased from the patentee which manufactured it. Among cases from other jurisdictions in which similar rulings have been made on facts almost identical with those here present may be cited: *Clement v. Rommeck*, 149 Mich. 595, 113 N. W. 286; *Peaslee-Gaulbert Co. v. McMath's Administrator*, 148 Ky. 265, 146 S. W. 770; *Belcher v. Goff Bros.*, 145 Va. 448, 134 S. E. 588.

Judgment affirmed.