## Phillips v. Whelan Drug Company, Inc.

Before Hoban, P. J., Eagen and Robinson, JJ.

*Alphonsus L. Casey*, for plaintiff.

*O'Malley, Harris, Harris & Warren*, for defendant.

ROBINSON, J., April 23, 1952.—This is an action in assumpsit. Plaintiff alleged a breach of warranty of fitness for use growing out of the sale of a cosmetic bleaching cream. The jury returned a verdict for plaintiff, awarding $400 damages, and defendant moved for a new trial and judgment n. o. v.

Viewing the evidence in the light most favorable to plaintiff the facts are: Defendant operates a retail drug store on Lackawanna Avenue in the City of Scranton. On November 2, 1950, plaintiff entered defendant's store to secure a cosmetic to bleach her skin. The cosmetic department of the store was in charge of one Helen Refice, a cosmetician, who had been given special training and a diploma by defendant. Plaintiff testified that she was to take part in a wedding and informed defendant's clerk that she wished to bleach her neck. The sales clerk showed plaintiff a jar of "mercolized cream" and stated:

"This is just for the purpose you want it for because you want your neck white—it won't only do that but it will make it beautiful and smooth as glass".

Mrs. Refice told plaintiff that the written directions supplied with the cream would have to be followed. Plaintiff purchased the cream and applied a preliminary "patch" test to her forearm in accordance with the manufacturer's directions without any harmful reaction. She then put two applications of the cream

on her neck, at night and the following morning, as a result of which the skin on her neck became raw and inflamed, and a rash, blisters and scabs appeared, necessitating the care of a physician. Plaintiff bears scars as a consequence of the application of the cream and incurred medical expenses amounting to $16.

Defendant's motion for a new trial is directed to the excessiveness of the verdict and that for judgment n. o. v. is predicated on the contention that it is not liable under the evidence.

Defendant relies, in arguing that it is not liable, upon the proposition of law set out in Kratz et vir v. American Stores Company, 359 Pa. 335, where Justice Stern (speaking for the court) said:

"In the absence of special circumstances, the retail vendor of an article of merchandise in common and general use, purchased by him in the usual course of trade and business from a reputable manufacturer or dealer, and resold by him in its original sealed package or container labelled with proper warnings and directions as to use, is not liable to a customer for injuries caused by some latent defect in the article."

See also Elizabeth Arden, Inc., et al. v. Brown et al., 107 F. (2d) 938.

The cases relied upon are cases declared in trespass for negligence and it is well settled that a retailer is not required to analyze the contents of each sealed container to determine whether the same is harmful. Where the retailer sells the article called for in an original sealed package in the usual course of business without representation or concealment he is not liable for negligence in so doing. The retailer, in the law of negligence, is not an insurer of a sealed product acquired by him from a reputable manufacturer in the usual course of business and resold to his customers.

Here, however, plaintiff did not sue in trespass for negligence but relied on the breach by defendant of an

implied warranty that the article was fit for the purpose for which it was sold. Section 15 of the Sales Act of May 19, 1915, P. L. 543, 69 PS §124, provides:

"There is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

First. Where a buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

Plaintiff contends that she made known to defendant's sales clerk the purpose for which the bleach was required; that she relied upon the skill and judgment of a specialist in cosmetics trained by defendant and held out as such; that she is unacquainted with bleaching cosmetics; that she followed the written directions and heeded the warnings supplied by the manufacturer; that she applied the preliminary patch test as required and despite this suffered injury and that the bleach was not suitable for application to her skin and fit for the purpose for which it was sold.

In Bonenberger et al. v. Pittsburgh Mercantile Co., 345 Pa. 559, the court distinguished between suits for recovery based on negligence and those based on a breach of warranty, holding that there is liability for breach of warranty in such cases and pointing out that decisions in tort cases are not controlling. The right to recover is dependent upon the provisions of the Sales Act as applied to the facts in each case, and there is no exception where the article is sold in a sealed container. The court said:

"There would seem to be no normal reason 'for ingrafting an exception' to the general rule merely be-

cause the subject of the sale is canned goods not open to immediate inspection by the dealer who is not the manufacturer. The dealer is in a better position to know or ascertain the reliability and responsibility of the packer than is the retail purchaser. It has long been the law applicable to warranties generally. Because it works a hardship in a particular case is not a compelling reason for changing the rule to fit such a case. It places the responsibility on the party best able to recoup his losses: 1 Williston on Sales, 2d Ed., sec. 242. We arrive at the same conclusion. If the statute goes too far that is a matter for the consideration of the legislature."

We are of the opinion that a retailer is liable under section 15 of the Sales Act where the facts of a case establish that the buyer made known the purpose for which the goods were required; relied upon the seller's skill and judgment and suffered injury because the article bought, though in a sealed jar, was not fit for the purpose for which it was sold: Jones et ux. v. Boggs & Buhl, Inc., 355 Pa. 242.

We do not agree that the evidence establishes a defense under section 69 of the Sales Act, 69 PS §314, on the basis of a rescission by the buyer, a return of the goods and recovery of the purchase price as an election of remedy by plaintiff. The evidence discloses that after her injury plaintiff complained to defendant's manager, who informed her that all defendant could do would be to return the purchase price and stated: "You can't do anything to Whelans". The acceptance by plaintiff of the purchase price under the circumstances does not work an election of remedy to the exclusion of her right to proceed under the sixth paragraph of section 69 for "the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty."

In view of the evidence that considerable pain and discomfort was suffered by plaintiff and that she bears scars on the skin of her neck as a result, we do not find the amount awarded by the jury shocking to the extent that it should be disturbed.

Now, April 23, 1952, the motions for new trial and judgment non obstante veredicto are denied and rules granted thereon discharged.