RICHARD A. RUSSELL ET AL. *v.* SESSIONS
CLOCK COMPANY ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 102048
AT NEW BRITAIN

Memorandum filed July 12, 1955.

*Benjamin M. Sackter,* of Hartford, for the plaintiffs.

*Beach & Calder,* of Bristol, and *Day, Berry & Howard,* of Hartford, for the defendant Sessions Clock Co.

*Hurwitz & Berman,* of Hartford, for the defendant Park Plumbing Supply Co.

*Apter & Nahum,* of Hartford, for the defendant Ray Kroff.

SHANNON, J. The defendant Park Plumbing Supply Company sold a sump pump, manufactured by the defendant Sessions Clock Company, to the defendant Ray Kroff, a plumbing and heating contractor who in turn sold and installed it on the plaintiffs' premises. It is alleged that the pump was defective and that it failed to operate properly and caused damage to personal property of the plaintiffs. It is further alleged that the defendant Park Plumbing Supply Company knew or should have known that the pump was defective and that it negligently offered it for sale to be used for the particular

purpose for which it was used. The defendant, Park Plumbing Supply Company has demurred to the complaint and the demurrer is sustained because there is no privity of contract between the plaintiff and the defendant Park Plumbing Supply Company, and this case does not fall within any of the exceptions to the general rule which would make the defendant Park Plumbing Supply Company, liable in negligence. The exceptions are: 1) an act of negligence which is imminently dangerous to the life or health of mankind in the preparation or sale of an article intended to preserve or affect human life; 2) an owner's act of negligence which causes injury to one who is invited by him to use his defective appliance on the owner's premises; and 3) one who sells or delivers an article which he knows to be imminently dangerous to the life or limb of another without notice of its qualities to a person who suffers an injury therefrom which might have been reasonably anticipated, whether there was any contractual relation between the parties or not. These exceptions have been applied in cases of personal injury, but no case has been found or called to my attention where they have been extended to include damage to personal property as in this case. Restatement, Torts, §§ 399-402 (1954 Sup.).

The demurrer of the defendant Park Plumbing Supply Company is sustained.