Howard T. Hogan, J.
This is a motion pursuant to rule 113 of the Rules of Civil Practice brought by the third-named defendant (Andrew Fisher Cycle Co., Inc.) directing judgment dismissing the first and third causes of action insofar as these are directed against said defendant. This motion rests upon the pleadings and admission before the court. It is this defendant’s contention that there is no issue of fact.
Briefly stated, the infant plaintiff seeks to recover damages for personal injuries from all of the named defendants totalling three in number, upon the ground that they were negligent in selling an unsafe, defective and unsound bicycle. On or about the 13th day of July, 1954, while the infant plaintiff was riding said bicycle on the highway, he was caused to fall therefrom by reason of said defects, and to sustain serious injuries. It appears that the bicycle had been purchased from the first-named defendant, Fred W. Miller, doing business as Miller Cycle Co., approximately 10 days before the accident. The complaint sets forth three causes of action. The first and third causes of action are against all of the defendants, the second cause of action is against the defendant Fred W. Miller alone.
The complaint pleads that the defendant Andrew Fisher Cycle Co., Inc., is an importer and distributor of bicycles manufactured in Great Britain by Norman Cycles, Ltd., of Ashford, England. The second-named defendant, Progressive Cycle & Auto Supply Co., Inc., is a wholesaler of these bicycles and that the first-named defendant, Fred W. Miller maintains and operates a bicycle store at retail in which store the bicycle in question was purchased. On or about June 23, 1955 the attorneys for the respective parties stipulated in writing for the purpose of this trial only: ‘ ‘ that the bicycle involved in this accident was one purchased by Mrs. Lillian Outwater from the defendant Fred W. Miller, doing business as Miller’s Cycle Shop; that said Fred W. Miller had purchased said bicycle from Progressive Cycle & Auto Supply Co., Inc., and that the defendant Progressive Cycle & Auto Supply Co., Inc. had in turn purchased the same bicycle from the defendant Andrew Fisher Cycle Co., Inc., and it is *49 further stipulated that neither defendant Progressive Cycle & Auto Supply Co., Inc., nor the defendant Andrew Fisher Cycle Co., Inc., ever made any inspection of the particular bicycle involved in this accident; that the bicycle was delivered to Fisher in a sealed carton who in turn delivered the identical sealed carton to Progressive and that Progressive delivered the identical sealed carton to the defendant Miller.”
The complaint alleges that the accident was caused by the defective construction of the bicycle and that all three of these defendants were negligent by reason of their failure to inspect the bicycle and in selling a defective bicycle to each other and to the plaintiffs respectively.
It would appear that the first and third causes of action are predicated upon tort, that is, the negligence of the sellers and that the second cause of action is predicated upon warranty and is directed only to the retailer. Plaintiff’s bill of particulars alleges that the defendant Andrew Fisher Cycle Co., Inc.: ‘1 was negligent in failing to properly examine and inspect said bicycle, in selling said bicycle in a defective and dangerous condition, in failing to perform or not properly performing adequate tests on said bicycle, in not properly checking screws and bolts and other parts on said bicycle, in failing to properly observe whether said bicycle or part of said bicycle was properly assembled, in failing to properly assemble said bicycle or part of said bicycle, in failing to properly tighten the nuts on the front axle, and/or permitting them to come loose and/or failed to attach a nut to the front axle, in failing to properly mount to see that the front wheel was securely mounted, and in exposing plaintiff to unnecessary risks and dangers. The front wheel of said bicycle came off. Upon information and belief the front wheel of said bicycle and parts appurtenant thereto were in a dangerous and defective condition when sold to plaintiff.”
Defendant Andrew Fisher Cycle Co. Inc., has interposed three affirmative defenses. One, that the bicycle was imported in an original carton from the British manufacturer and was delivered by the defendant Fisher to the defendant Progressive Cycle & Auto Supply Co., Inc., in its original wrappings, unopened and partially unassembled, and that it was not the duty of the defendant Fisher to inspect said bicycle before delivering it to the wholesaler, Progressive Cycle & Auto Supply Co., Inc. Second, Fisher pleads negligence on the part of the plaintiffs and for the third affirmative defense, pleads contributory negligence on the part of the plaintiffs.
The second-named defendant, Progressive Cycle & Auto Supply Co., Inc., the wholesaler, has filed a cross complaint *50 against the defendant Fisher, demanding judgment in case judgment should be recovered against defendant Progressive Cycle & Auto Supply Co., Inc., pursuant to section 264 of the Civil Practice Act. It is conceded that neither the defendant Fisher nor the defendant Progressive, ever inspected this bicycle and that they delivered it in its original wrappings.
The court is presented with a question of .law, whether an importer of a foreign manufactured bicycle who received it in a sealed carton and reshipped it in its original wrappings and in the same sealed carton to a wholesaler, is under a duty as a matter of law to the ultimate purchaser and user of this bicycle, to make an inspection and test thereof prior to the sale and delivery to the wholesaler. Without doubt, a bicycle is as much a thing of danger as an automobile and unless its wheels are sound and strong, injuries are almost inevitable. Without doubt, it is also true that the defendant Fisher knew that this bicycle would be used by persons other than Progressive (the wholesaler). Without doubt, Fisher knew that the very nature of this bicycle in its ultimate use constituted a knov/n danger if its construction were defective and would make vigilance a duty as a matter of law, because by the very nature of the thing it can be foreseen that it might reasonably place life and limb in peril if it were negligently constructed. As Judge Cabdozo said in MacPherson v. Buick Motor Co. (217 N. Y. 382, 389): “ If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully. ’ ’
However, upon whom does this duty of vigilance and inspection rest? The plaintiffs here had no privity of contract with the defendant Fisher. It has long been a general rule of law in this State that where no privity of contract exists, there is no liability for negligence to injured third parties except the liability of a manufacturer of an item negligently made and therefore, dangerous to the user (MacPherson v. Buick Motor Co., supra), or where the owner of defective machinery permits his employees or invitees to use the same without warning (Coughtry v. Globe Woolen Co.,. 56 N. Y. 124) or where the manufacturer of inherently dangerous products neglects to give adequate warning or' instructions to the user (Rosebrock v. *51 General Elec. Co., 236 N. Y. 227). An importer or a wholesaler is under no obligation to test articles manufactured or packed by others for the purpose of discovering or testing for latent or hidden defects. There exists a distinction between an importer, wholesaler and a manufacturer. The importer and the wholesaler who purchase and sell articles in common and general use in the usual course of trade in business are not under a duty to inspect (65 C. J. S., Negligence, § 100, p. 636). Moreover, the fact that a chattel is supplied for the use of others does not of itself impose upon the suppliers a duty to inspect that chattel (Restatement, Torts, §§ 388, 392).
This case is clearly distinguishable from the principles enumerated in MacPherson v. Buick Motor Co. (supra). It will be noted that the late Judge Cardozo stated, at page 395: “ Reliance on the skill of the manufacturer was proper and almost inevitable.” The MacPherson case involved the manufacturer only. That is not the situation at hand. Here, we have involved a purchase by an importer, with sale and delivery to a wholesaler in original wrappings, and then by the wholesaler to the retailer, in the same condition. This court cannot agree that there is presented a question of fact for a jury. It is conceded that Fisher could have made an inspection, but in fact did not, and whether Fisher had a duty to inspect is entirely a question of law to be decided by the court alone.
For all of the foregoing reasons, this court finds that there was no duty as a matter of law upon Fisher to make an inspection. Accordingly, the motion of Andrew Fisher Cycle Co., Inc., to dismiss the first and third causes of action as far as they are directed against it is granted.
Settle order on notice.
(On reargument, July 17, 1956.)
Plaintiff: moves for leave to reargue a motion wherein the first and third causes of action of its complaint were dismissed as against defendant Andrew Fisher Cycle Co., Inc., pursuant to rule 113 of the Rules of Civil Practice.
Leave to reargue is granted, and upon reargument the original decision is adhered to. The court disagrees with plaintiff’s contention that there is presented a mixed question of law and fact which must be decided upon a trial. The sole issue is one of law", to wit, does the law of this State impose a duty upon a wholesaler, one who stands between the manufacturer and the retailer, to inspect every item passing through his hands if such item might be potentially dangerous. It was conceded upon an examination *52 before trial that the article in question, a bicycle, was delivered to this defendant and passed through his hands in a carton sealed by the manufacturer and was ultimately received by the retailer with the seal unbroken. In such event defects of any nature, patent or hidden, would have been discoverable only by removing the bicycle from the carton, an act which concededly did not take place. This concession is properly considered upon this motion. Under the circumstances, no issue of fact remains as to defendant’s liability, since, for the purposes of this motion, the unfitness of the bicycle is conceded.
To determine that actionable negligence exists there must be found (1) a duty or obligation recognized by the law, requiring one to conform to certain standards of conduct for the protection of others against unreasonable risks; (2) a failure on his part to conform to the standard required; (3) a reasonably close causal connection between his conduct and a resulting injury; and (4) actual loss or damage resulting therefrom (Prosser on Torts [2d ed.], p. 165).
It is solely the function of the court to determine if the law placed such a duty or obligation upon this defendant.
It is the law of this State enunciated in MacPherson v. Buick Motor Co. (217 N. Y. 382) and many decisions thereafter, that if the nature of a product is such that it is reasonably certain to place life and limb in peril in negligently made, it is then a thing of danger, both the manufacturer and the ultimate distributor owe a duty to the user of the article, even though there is no privity between the former and the eventual user. As pointed out by the plaintiff in her most comprehensive memorandum this rule has been extended to include bailors, owners or lessors of such articles, as persons liable for defects which result in injuries (La Rocca v. Farrington, 301 N. Y. 247). In each case cited there was ample opportunity for the manufacturer, owner, lessor or retailer, in the normal conduct of his business, to discover the defective condition with the exercise of reasonable care.
However, the plaintiff has failed to offer a single New York authority for the proposition that every intermediate wholesaler, standing between the manufacturer and the retailer, is liable to the ultimate user for defects in the product traded. In her brief she admits that ‘1 This motion may be monumental in its effect on the law of this State.” She calls upon the court to place a duty upon every person who deals in a potentially dangerous product to examine and test not merely a sample, but each and every unit traded. A wholesaler, jobber or distributor (and *53 there may be several such between a manufacturer and retailer) would be required to test every article passing through his hands, whether the product be a drug, a hair dye, a bicycle or any one of a hundred potentially dangerous articles packaged in sealed cartons, whether the quantity dealt in were a dozen, a gross or a carload lot. While it is entirely practical for a manufacturer or a retailer to examine a pair of shoes, or a bicycle for patent defects, extending this duty to wholesalers, some of whom never come into physical possession of the merchandise they deal in, would place an intolerable burden upon the commerce of the nation.
Upon the present state of the pleadings and the concession that this defendant never removed the bicycle from its sealed carton, no cause of action has been stated upon which the plaintiff can recover and defendant is entitled to judgment dismissing the complaint.
(Motion by defendant Progressive Cycle & Auto Supply Co., Inc., for judgment dismissing causes of action, July 17, 1956.)
Defendant, Progressive Cycle & Auto Supply Co. Inc., moves pursuant to rules 112 and 113 of the Rules of Civil Practice for an order directing judgment dismissing the first and third causes of action against it.
The action is founded in tort. The first and third causes of action allege that infant plaintiff’s injuries were occasioned solely by the negligence of the defendants in the distribution and sale of the bicycle and in disregard of their duty to make an inspection.
The defendant’s moving papers rely upon a stipulation entered into by the attorneys for the respective parties and upon an earlier decision of this court whereby similar relief was granted to one of the other defendants, namely, Andrew Fisher Cycle Co., Inc.
A motion pursuant to rule 112 is directed to the sufficiency of the complaint. Under this rule the court is restricted to the pleadings alone. This phase of the motion is denied.
Under rule 113, not only the pleadings but also all affidavits and documents and official records may be considered. Despite the fact that this defendant in its haste to bring this motion inadvertently referred to the codefendants at page “ 2 ”, paragraph “2”, of its moving affidavit, it is clear from a reading of the remainder of the paragraph which defendant was intended.
*54 For all of the reasons set forth in the decision of this court dated May 3, 1956 involving the codefendant, Andrew Fisher Cycle Co., Inc., and as amplified in the decision upon the reargument made simultaneously herewith, the motion is granted pursuant to rule 113 of the Eules of Civil Practice.
Settle order on notice.