Carlos A. GOSNELL and Katie E. Gosnell, Plaintiffs in Error,

v.

John ZINK, an individual, doing business under the trade name of John Zink Burner Company, Defendant in Error.

No. 37862.

Supreme Court of Oklahoma.

May 13, 1958.

Irvine E. Ungerman, Charles A. Whitebook, Manuel Grabel, Maynard I. Ungerman, William Leiter, R. James Unruh, and James F. Metzer, Tulsa, Ungerman, Whitebook, Grabel & Ungerman, Tulsa, of counsel, for plaintiffs in error.

Houston, Klein & Davidson, Lee Grigg, and Edward L. Jacoby, Tulsa, for defendant in error, John Zink.

BLACKBIRD, Justice.

This appeal concerns an action instituted by plaintiffs in error, a husband and wife, hereinafter referred to as plaintiffs, against Blake Maddox, an individual doing business as Blake Heating & Lighting, and John Zink, an individual doing business under the trade name of John Zink Burner Company, for the destruction by fire of their new dwelling house, valued at $10,-700.

According to the allegations of the amended petition, the fire originated in an attic furnace which Zink manufactured and Maddox installed in the house, and which plaintiffs alleged to be defective.

In a single order and judgment, the trial court sustained Zink's general demurrer to the amended petition, and, upon plaintiffs' election to stand on said pleading, dismissed the action as to Zink, without prejudice. Thereafter, plaintiffs perfected the present appeal from said judgment.

In seeking reversal of said judgment, plaintiffs say the trial court sustained the demurrer on the ground that there was no privity of contract between them and Zink, and they contend that since their petition alleged the furnace was a dangerous instrumentality, Zink, as the manufacturer thereof, is liable for damages caused by a defect therein, regardless of such lack of privity. Zink points out that the court's order sustaining the demurrer does not reveal the specific ground therefor, but he nevertheless urges the negative of plaintiffs' proposition as to the manufacturer's liability in such a case. The parties concede that this court has denied the necessity of privity of contract between the manufacturer of a dangerous article and a person suffering personal injuries on account of a defect in the manufacture of said article, when in Crane Co. v. Sears,

168 Okl. 603, 35 P.2d 916, 917, it held as follows:

"Where a manufacturer with information before him of the nature of the use to which an article manufactured by him is to be put and from the nature of such use must know that if the article when put to such use, if defective, will be imminently dangerous to persons who he knows must come in contact therewith, a duty rests upon such manufacturer to use ordinary care to ascertain the condition of the article to see that it is safe. If he fails to exercise ordinary care in this regard, and as a result sells the article in a defective condition, he is liable for *personal injuries* to that class of persons who must necessarily come in contact with such article, and liability is not limited to those with whom the manufacturer contracts." (Emphasis ours).

Zink contends, however, that such rule of manufacturer's liability does not extend to injuries to property, as distinguished from personal injuries, citing Russell v. Sessions Clock Co., 19 Conn.Sup. 425, 116 A.2d 575; and that a furnace such as involved here, is not a dangerous article, citing, as analogous, and as supporting said contention, the case of Giberti v. James Barrett Mfg. Co., 266 Mass. 70, 165 N.E. 19, involving a hot water heater, and McCabe v. Boston Consolidated Gas Co., 314 Mass. 493, 50 N.E.2d 640, involving a gas stove. We find it unnecessary to point out physical differences in the furnace here involved and the appliances involved in the latter two cases, or to make any comment on the other cases cited. We merely observe that apparently, from the remarks of the Superior Court Judge credited with the opinion in the Russell case, supra, the annotations at 164 A.L.R. 569, had escaped his notice. At page 593, the annotator says:

"Under the modern doctrine, there is little doubt that a person who has had no direct contractual relations with a manufacturer may nevertheless recover from such manufacturer for damages to property caused by the negligence of the manufacturer in the same manner that such a remote vendee or other third person can recover for personal injuries. The modern doctrine may be regarded as allowing recovery for injury or damage to property in all instances where a case in tort law of negligence can be made out against the manufacturer—that is, where the requisite elements of foreseeability and breach of duty are established, where the manufacturer can be found negligent, and such negligence was the proximate cause of the property damage."

In the footnotes on said page 593 cases are cited pointing out the anomaly of any rule under which a manufacturer of an article can be held for personal injuries resulting from his negligence in its manufacture, but is free of liability for property damages resulting therefrom. The cases of United States Radiator Corp. v. Henderson, 10 Cir., 68 F.2d 87, Marsh Wood Products Co. v. Babcock & Wilcox Co., 207 Wis. 209, 240 N.W. 392, and many others support the application to property damage of the same principles of liability we applied to personal injuries in Crane Co. v. Sears, supra, in which we said:

"* * * if the nature of a finished product placed upon the market by a manufacturer to be used without inspection by his customers is such that it is reasonably certain to place life and limb in peril if the product is negligently made, it is then a thing of danger. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under duty to make it carefully."

We think the allegations of plaintiffs' amended petition in the present case sufficiently describes the attic furnace involved as a "thing of danger" as to render applicable to it the judicial expressions above referred to.

This court, in the past, has been liberal in giving expressions in pleadings, challenged by demurrer, the interpretation most favorable to the pleader. See Wallace v. Williams, Okl., 313 P.2d 784. In this view, we think it can justifiably be inferred from the use of the word "equipped" in the Amended Petition's paragraph 9, when considered along with said pleading's other allegations, that the equipping complained of relates to, and forms a part of, plaintiffs' allegations as to negligence in the manufacture of the furnace, and is not directed solely at the installation thereof.

Any objection Zink might have had to paragraph 9 could have been expressed by a motion to make more definite and certain. In this connection, see Wey v. City Bank, 29 Okl. 313, 116 P. 943. In accord with the foregoing, it is our opinion that plaintiffs' amended petition was not subject to general demurrer and we therefore hold that the trial court erred in sustaining the one interposed by Zink. Said court's judgment is therefore reversed and this cause is remanded to said court for further proceedings.

CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS and JACKSON, JJ., concur.