**Phillip BURGESS, Appellant,**

v.

**MONTGOMERY WARD AND COMPA-NY, Inc., Appellee.**

**No. 6016.**

United States Court of Appeals
Tenth Circuit.

Feb. 25, 1959.

David W. Carson and J. W. Mahoney, Kansas City, Kan. (John K. Dear and Ernest N. Yarnevich, Kansas City, Kan., were with them on the brief), for appellant.

Blake A. Williamson, Kansas City, Kan. (James K. Cubbison, Lee Vaughan, Donald A. Hardy and A. C. Cooke, Kansas City, Kan., were with him on the brief), for appellee.

Before HUXMAN, MURRAH and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question in this diversity action is whether a retail vendor of a chattel manufactured by another is liable for injuries to a borrower of the chattel from the purchaser when such injuries result

from the failure of the chattel because of a latent defect.

Appellee-defendant, Montgomery Ward and Company, Inc., at its Kansas City, Kansas, retail store sold to one Verbanic a 16-foot extension ladder manufactured by Pat Johnson Mfg. Co. Without having used the ladder in an extended position, Verbanic loaned it to his neighbor, appellant-plaintiff Burgess, who used it in the installation of some awnings on his two-story house. While the appellant was standing on the second rung from the top of the extended ladder, the upper right rail broke. Appellant fell to the ground and sustained serious injuries.

An expert testified that because of spiral graining of the wood the railing, at the point of failure, had only 60% of normal strength. According to the same expert the spiral graining, which caused the structural weakness, was detectable by the use of a scribe—a small instrument designed for that purpose and useable only by skilled wood workers—or, less satisfactorily, by noting the radiation of ink from a fountain pen. The defect was discernible only to the trained eye.

The complaint was based on the theory of warranty. At the close of his evidence the plaintiff sought to amend to raise the issue of negligence. The amendment was denied on the ground that there was no evidence of negligence. Defendant's motion for a directed verdict was granted. This appeal challenges the correctness of these rulings.

■ The sale, the asserted negligence of the defendant, and the accident all occurred in Kansas. The law of that state determines liability.[1]

■ While in some cases involving a defective or deleterious chattel Kansas has recognized a distinction between implied warranty and negligence,[2] later decisions have diminished the effect of that distinction.[3] Appellee, relying upon the distinction between the two theories, asserts that there can be no recovery because the complaint sounded in warranty, a contract action, and there is no privity of contract between the vendor and the injured plaintiff. However, under Kansas law privity of contract, in its ordinary sense, is not necessary to the establishment of liability where that liability is grounded on public policy.[4]

In cases involving food for human consumption Kansas has held on public policy grounds that a manufacturer, intermediate handler, or retailer is "an insurer that such food will cause no harmful effects because of deleterious matter therein."[5] This rule has been extended to include cosmetics,[6] and containers of liquid beverages.[7] In two cases arising

1. Schmidt v. United States, 10 Cir., 179 F.2d 724, 727, certiorari denied 339 U.S. 986, 70 S.Ct. 1007, 94 L.Ed. 1388; McClave v. Moulton, 10 Cir., 123 F.2d 450, 452; Kaufmann v. Baldridge, 10 Cir., 162 F.2d 793, 794; Rachlin v. Libby-Owens-Ford Glass Co., 2 Cir., 96 F.2d 597, 600.

2. See Challis v. Hartloff, 133 Kan. 221, 299 P. 586 (application of different statutes of limitation), and Frier v. Proctor & Gamble Distributing Co., 173 Kan. 733, 252 P.2d 850 (election between claims).

3. In Nichols v. Nold, 174 Kan. 613, 258 P.2d 317, 331, 38 A.L.R.2d 887, the court dealt with the explosion of a soft drink bottle and said: " * * * a plaintiff may rely upon negligence alone or upon implied warranty, or may plead negligence and recover on implied warranty;

or, if he pleads both, he may waive tort and recover on implied warranty."

4. Graham v. Bottenfield's, Inc., 176 Kan. 68, 269 P.2d 413, 418. Cf. Simmons v. Wichita Coca-Cola Bottling Company, 181 Kan. 35, 309 P.2d 633, 635. In Frier v. Proctor & Gamble Distributing Co., supra, it is not clear whether recovery was denied for injuries from a detergent because of lack of privity or because of contributory negligence.

5. Simmons v. Wichita Coca-Cola Bottling Company, supra; Swengel v. F. & E. Wholesale Grocery Co., 147 Kan. 555, 77 P.2d 930; Stanfield v. F. W. Woolworth Co., 143 Kan. 117, 53 P.2d 878.

6. Graham v. Bottenfield's, Inc., supra.

7. Nichols v. Nold, supra.

in Kansas this court has affirmed the liability of a manufacturer for defective merchandise.[8] In Vrooman v. Beech Aircraft Corp., 10 Cir., 183 F.2d 479, this court upheld the liability of a Kansas repairman for a defective repair and on the authority of Stevens v. Allis-Chalmers Mfg. Co., 151 Kan. 638, 100 P.2d 723, 728, said that Kansas had embraced the general rule found in § 388, Restatement of the Law of Torts.

■ There is no Kansas decision which affirms or denies liability of a retail vendor to a user who was not the purchaser for injuries caused by a latent defect in an otherwise harmless chattel. It may be that Kansas would deny liability on the ground that the seller owed no duty to the non-purchasing user,[9] but in view of the modern trend against reliance on the privity rule,[10] especially as to inherently dangerous chattels,[11] we cannot base our decision on lack of privity in a case such as this where the nebulous distinction between implied warranty and negligence amounts to no more than a play on words because the breach of warranty, if any, is the result of negligence. We must explore the applicable law and determine as best we may the rule to be applied in the absence of a controlling Kansas decision.

■ A ladder is a harmless, simple device[12] in common use. While it is not inherently dangerous like an unwholesome food, a poison, an explosive or certain types of mechanical contrivances, its use becomes dangerous if there is a structural defect which will cause a collapse when it is subjected to the weight of the user. Such danger arises from the defect, not from the device itself. The defect may be patent, observable by the seller, the buyer and the user, or it may be latent, discoverable only by the subjection of the device to an appropriate inspection or test. Here the defect was latent. Its existence could have readily been determined by a trained person but not by the untrained.

The evidence does not show that Montgomery Ward made any representations whatsoever when it sold the ladder. There is no claim that the ladder was made for Montgomery Ward or under any specifications furnished by it. On the ladder was a label showing manufacture and warranty by Pat Johnson Mfg. Co.

The liability of a vendor of a chattel dangerous only because of a defect has aroused considerable diversity of opinion.[13] It has been said that when the Restatement of the Law, Torts, was drafted by The American Law Institute there was "not a single decision by a court of last resort in England or America which had held a vendor, who neither knew of the defect nor had made reckless statements about the chattel's safety, liable for physical harm to person or property caused by a defective chattel."[14] Harper and James, supra, approve a rule which would impose liability on a seller for defects which may be found by inspection alone but not for defects "so concealed that mechanical tests are needed to disclose them."

8. Spencer v. Madsen, 10 Cir., 142 F.2d 820, and Coleman Co. v. Gray, 10 Cir., 192 F.2d 265.

9. Cf. Graham v. Bottenfield's, Inc., supra; Booth v. Scheer, 105 Kan. 643, 185 P. 898, 899, 8 A.L.R. 663.

10. Vrooman v. Beech Aircraft Co., supra.

11. 77 C.J.S. Sales § 305, p. 1124.

12. Cf. Kalash v. Los Angeles Ladder Co., 1 Cal.2d 229, 34 P.2d 481, 482.

13. See Eldredge, Vendor's Tort Liability, 89 U. of Pa.Law Review, 306, 320–323; two articles by Farage and one by Eldredge appearing in 45 Dickinson Law Review at pp. 159, 269 and 282; Harper and James, The Law of Torts, Vol. 2, pp. 1597–1603; 46 Am.Jur. Sales § 817, p. 942; 65 C.J.S. Negligence § 100, p. 633, et seq.

14. 89 U. of Pa.Law Review, p. 323.

The original § 402 of the Restatement, Torts, imposed in certain circumstances a liability on a vendor of a chattel manufactured by another. This section was rewritten in the 1948 Supplement and now reads thus:

"A vendor of a chattel manufactured by a third person, who neither knows nor has reason to know that it is, or is likely to be, dangerous, is not subject to liability for harm caused by the dangerous character or condition of the chattel even though he could have discovered it by an inspection or test of the chattel before selling it."

The phrase "reason to know" as used in the Restatement does not imply any duty to ascertain an unknown fact.[15]

The decisions generally support the Restatement rule.[16] In a case such as that now before us it is completely unreasonable to expect the shopkeeper to perform the inspection or test which would have revealed to an expert the defect in the ladder rail. Montgomery Ward is operating a retail store, not a testing laboratory. If Montgomery Ward were obliged to test this ladder for structural strength, so is the operator of every retail store in the villages which dot the Kansas prairies. We believe that the Kansas Supreme Court would not impose such a responsibility.

The judgment is affirmed.

---

15. Restatement, Torts, § 12(1), Restatement, 1948 Supplement, Torts, § 402, Comment a.

16. Sears, Roebuck & Co. v. Marhenke, 9 Cir., 121 F.2d 598; Purkey v. Sears, Roebuck & Company, 5 Cir., 220 F.2d 700; Smith v. American Cystoscope Makers, 44 Wash.2d 202, 266 P.2d 792; Russell v. Sessions Clock Company, 19 Conn.Sup. 425, 116 A.2d 575; Kratz v. American Stores Co., 359 Pa. 335, 59 A.2d 138; State, to Use of Bond v. Consolidated Gas, Electric Light & Power Co. of Baltimore, 146 Md. 390, 126 A. 105, 42 A.L.R. 1237; Camden Fire Ins. Co. v. Peterman, 278 Mich. 615, 270 N.W. 807; White v. Oakes, 88 Me. 367, 34 A. 175, 32 L.R.A. 592; Tourte v. Horton Mfg. Co., 108 Cal.App. 22, 290 P. 919; Outwater v. Miller, 3 Misc.2d 47, 153 N.Y.S.2d 708; Continental Casualty Company v. Belknap Hardware & Manufacturing Company, Ky., 281 S.W.2d 914; Willey v. Fyrogas Co., 363 Mo. 406, 251 S.W.2d 635.