**Felix LOWE and Nancy Lowe, Plaintiffs in Error,**

v.

**The FRANCIS CONSTRUCTION COMPANY, a Corporation, Defendant in Error.**

**No. 39673.**

Supreme Court of Oklahoma.

July 3, 1962.

Threadgill & Jennings, Tulsa, for plaintiffs in error.

Sanders, McElroy & Whitten, Tulsa, for defendant in error.

JOHNSON, Justice.

Felix Lowe and Nancy Lowe, hereinafter called plaintiffs, filed an action for damages against E. W. Fanning, doing business as Allied Plumbing, and The Francis Construction Company. The trial court sustained a demurrer to the amended petition in so far as it related to The Francis Construction Company, hereinafter called defendant. The trial court dismissed the action as to the defendant, and plaintiffs have appealed.

The sole issue is the alleged error in sustaining the demurrer to the amended petition. The plaintiff filed said amended petition after permission given by the trial court following an order sustaining a motion to make the original petition more definite and certain. The amended petition is in substance as follows: On or about the 14th day of December, 1958, the plaintiffs were the fee simple owners of and resided in a certain residence located at 1338 East 51st Place North, more particularly described as Lot 13, Block 7, Northridge Addition to the City of Tulsa, Tulsa County, Oklahoma. The defendant, E. W. Fanning, is a sole trader, doing business as Allied Plumbing Company. The defendant, The Francis Construction Company, is a corporation organized and existing under and by virtue of the laws of the State of Oklahoma and maintaining a registered service agent in the City of Tulsa, Tulsa County, Oklahoma.

During the latter part of 1955 and the first part of 1956, the defendant, The Francis Construction Company, constructed the

above mentioned dwelling and during the course thereof engaged the services of the defendant, E. W. Fanning, to lay a gas line from the Oklahoma Natural Gas Pipe Line into the said dwelling. That said defendant, E. W. Fanning, was negligent and careless in the manner of laying said gas line in that he placed the same in a ditch in which there was water and/or sewer lines, ran the same under the footing and foundation of said building, and failed to install a swing joint to take care of settling the ground in the future. That said gas line was completely concealed from ordinary view in that the same was under three or four feet of dirt, and the connection under the house was concealed from view and the installation of such line constituted a latent and hidden defect. That the negligence constituted a continuing negligence and was not ascertainable by these plaintiffs until the damages occurred.

That in the installation and connection of such gas line the defendant, Fanning, was the agent, servant and employee of the defendant The Francis Construction Company and was acting within the scope of his employment. That gas is a dangerous instrumentality and the handling thereof requires the utmost care so that in the natural course of events injurious consequences will not result from installations and connections made for the purpose of conveying said gas from the supply source to the user.

Plaintiffs further allege that early in the morning of December 14, 1958, the plaintiff Nancy Lowe went into the bedroom for the purpose of lighting the heater, and upon striking a match the house exploded, practically destroying the same and destroying numerous amounts of personal property. An itemized estimate of repairs to said dwelling, along with an itemized statement of loss of personal property, is hereto attached marked plaintiffs' Exhibits "A" and "B" and made a part hereof by reference.

That said explosion was caused by reason of the gas supply line breaking under the house and gas flowing up through the walls and floors of said dwelling. That the breaking of said line was brought about by the fact that no swing joint was installed and the gas supply line was laid in a water and sewer ditch to where settling of the earth caused pressure upon said line and broke it loose from its connection under the house.

Plaintiff alleged as a result of the negligence and carelessness of the defendants in making installation of the gas lines and connections they have been damaged in the amount of $14,715.85, this being the loss of personal property and the reasonable amount necessary to replace the dwelling in condition it was prior to the explosion herein detailed.

Wherefore, plaintiffs pray that they may have and recover judgment against the defendants in the amount of $14,715.85 and costs herein expended.

In Crane Co. et al. v. Sears, 168 Okl. 603, 35 P.2d 916, this court affirmed a judgment for the plaintiff for personal injuries where machinery installed in a mine for the benefit of the owner caused damage to an employee of the lessee of the premises. In Gosnell et al. v. Zink, Okl., 325 P.2d 965, this court approved a judgment for the plaintiff for damages to property where a furnace had been installed for the owner of the premises and the action was by a person not in privity with the contractor. These cases are cited and reviewed in Leigh v. Wadsworth, Okl., 361 P.2d 849, in affirming a judgment for plaintiff in an action brought against a contractor for improperly constructing a porch on a dwelling. In discussing Crane Co. v. Sears, supra, the court stated:

"In the body of the opinion it was made clear that this Court chose to follow the rule announced in the leading case of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R. A. 1916F, 696, to the general effect that if the nature of a finished product placed upon the market by a manufacturer to be used without inspection by his customers is such that it is reason-

ably certain to place life and limb in peril if the product is negligently made, it is then a thing of danger. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under duty to make it carefully."

And in discussing the later cases involving similar circumstances, it is stated:

"At page 891 of the annotated notes beginning at page 869 of 58 A.L.R.2d, this was said by the annotator:

" 'In a number of cases, all of them of fairly recent origin, the language and reasoning of the rule of nonliability with respect to negligent building or construction contractors has been expressly overthrown and the rule as stated in the M[a]cPherson Case adopted instead. In other words, these cases openly take the view that the duty owed by a building or construction contractor to third persons, after he has completed and turned over his work to the owner, is the same as that owed by the manufacturer or vendor of chattels to persons not in privity of contract with him, as that duty was expressed in the MacPherson case.' "

The result of the above case is therefore that under the rule flowing from MacPherson v. Buick Motor Co., supra, the plaintiffs may recover from the construction contractor if the contractor knows or should know that the defective material used may cause damage to person or property.

The question then presented is: Does the petition, as amended, reasonably state that the damage to the dwelling and personal property therein was due to the faulty plumbing under the facts and circumstances controlled by the rule in the above cases? We are of the opinion and hold that it does.

■ Plaintiffs allege that the faulty plumbing in the installation of the gas line caused the damage. Although we are not informed specifically in what manner the failure to use a swing joint caused the damage to the property, we are of the opinion this is a matter of proof rather than a failure to plead. The syllabus in Leigh v. Wadsworth, supra, states:

"In this jurisdiction technical accuracy in a pleading is not required. A petition, which in ordinary language alleges facts sufficient to show that plaintiff has been wronged, how he has been wronged, the damage he has sustained thereby, and that defendant perpetrated the wrong complained of and is liable therefor and asks judgment for the damage, is sufficient to state a cause of action, and a demurrer thereto is properly overruled.

"Generally, as a matter of public policy, a builder's liability to third persons for negligent construction is terminated upon acceptance of the property by his grantee, but where the builder has willfully created a condition which he knows to be immediately and certainly dangerous to persons other than his grantee, who will necessarily be exposed to such danger, considerations of public policy do not require the application of the general rule."

In Leigh v. Wadsworth, supra, in discussing the rule announced in Greenwood v. Lyles & Buckner, Inc., Okl., 329 P.2d 1063, it is stated:

"In the body of the opinion last referred to it is stated that 'where the contractor knew that the defective condition of the structure was such as to make it immediately and certainly dangerous * * *.' The contractor's negligence in such case has been characterized as 'willful negligence'. * * "

■ The petition when reasonably construed charged that the defendant by its agent constructed the premises to the damage of the plaintiffs and was negligent in so doing; that through said agent the de-

fendant had knowledge of such faulty construction. The petition as amended stated a cause of action.

The cause is reversed and remanded with directions to reinstate the action against the defendant and overrule the demurrer and proceed in accordance with the views herein expressed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY and BERRY, JJ., concur.

WELCH, JACKSON and IRWIN, JJ., dissent.