THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LUKE LYNCH, Appellant.— Judgment of a city magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of the crime of violating section 986 of the Penal Law (bookmaking), unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGELO PURPURA, Appellant.— Judgment of the County Court of Kings County convicting the defendant of the crime of robbery in the second degree and imposing upon him an indeterminate sentence, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

MARGARET RITZ and Others, Appellants, v. PACKARD MOTOR CAR COMPANY, a Corporation Located in Detroit, Michigan, Respondent. JAMES D'ALBRO and Others, Appellants, v. PACKARD MOTOR CAR COMPANY, a Corporation Located in Detroit, Michigan, Respondent.— In a consolidated action by plaintiffs for damages for personal injuries, property damage and loss of services following the overturning of an automobile owned by plaintiff D'Albro and manufactured by defendant Packard Motor Car Company, the complaints were dismissed at the close of plaintiffs' case. Plaintiffs appeal. Judgment reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event. The automobile was a month old and had been driven only 980 miles at the time of the accident. The evidence disclosed that the accident was the result of the breaking of a king-pin in the front left wheel assembly. Plaintiffs' experts testified that the king-pin was defective, and that the defect could have been discovered by inspection. In our opinion plaintiffs established a *prima facie* case and it was error to dismiss the complaint. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Smith* v. *Peerless Glass Co.*, 259 id. 292.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

ISAAC SCHERMAN, Respondent, v. MINNIE SCHERMAN and Others, Appellants.— Order directing examinations of the defendants before trial, before a referee modified by striking out items of examination numbered 16 and 50, and by adding a paragraph providing that on plaintiff's own motion he is to bear the expense of the reference. As thus modified, the order is affirmed, without costs, the examinations to proceed on five days' notice. No opinion. Order granting inspection and discovery affirmed, without costs, the books, records and documents to be deposited with the referee within five days from the entry of the order hereon, and upon plaintiff filing the bond provided for in the order appealed from. No opinion. Hagarty, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., not voting.

ISAAC SCHERMAN, Appellant, v. MINNIE SCHERMAN and Others, Respondents. SCHERMAN DEVELOPMENT CORPORATION, Respondent, v. ISAAC SCHERMAN, Appellant.— Order denying the motion of Isaac Scherman to consolidate the two above-entitled actions reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs. Consolidation may prevent a duplication of trials, or parts thereof, and no substantial right is prejudiced by the consolidation. Hagarty, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., not voting.