(March 16, 1953.)

∎

JOHN BAXTER, Respondent, v. INSTITUTIONAL SHARES, LTD., et al., Appellants.— In an action to recover the reasonable value of personal services allegedly rendered to the defendants at their request, defendants appeal from an order denying their motion for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. In our opinion, the appellants' moving papers, which include an examination of the respondent before trial, establish on their face that triable issues exist. Nolan, P. J., Carswell, Adel, McCrate and Beldock, JJ., concur.

∎

JUNE BEHRENS et al., Appellants, v. JOHN KOEHLER et al., Respondents.— In a negligence action, order granting motion for a physical examination of the female plaintiff affirmed, with $10 costs and disbursements; examination to proceed on five days' notice. No opinion. Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ., concur.

∎

NICHOLAS BUONO, Appellant, v. GILBERT SMITH, Respondent.— In an action to recover damages for injuries to person and property suffered when plaintiff's automobile ran into the rear of defendant's truck, which was stalled on the highway, the complaint was dismissed at the close of plaintiff's case. Judgment unanimously affirmed, with costs. The evidence required direction of a verdict in favor of defendant. (Axelrod v. Krupinski, 303 N. Y. 738.) Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

∎

LOUIS CIACCIO et al., Appellants, v. JOHN CURRIE, Respondent.— In an action described in the complaint as one to recover damages for breach of a written contract to deliver personal property of the value of $2,000, it appears that recovery is actually sought on the theory that there was a breach of warranty of condition and operability of some of the items of personal property. Plaintiffs appeal from a judgment of the County Court, Putnam County, entered on the verdict of a jury in favor of defendant. The appeal is on the ground that the Trial Judge refused appellants' request to direct the stenographer to report the opening and closing statements of counsel, contrary to section 295 of the Judiciary Law, and on the ground that there was error in refusing to admit evidence that the $20,000 consideration expressed in the contract was divisible into $18,000 for real property and $2,000 for personal property. Judgment unanimously affirmed, with costs. No opinion. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.