Frank Del Vecchio, J.
This is a motion for summary judgment in an action for personal injuries sustained by reason of an allegedly defective water ski tow rope.
Plaintiff brought the action against the partners operating Fleet Marine Sales & Service, from which he acquired the rope, against Berkley Co., the alleged manufacturer, and against the movant, Roberts Hardware Co., Inc., the wholesaler and jobber.
The complaint sets forth three causes of action against Roberts: one (the first cause of action) based on an express warranty, one (the third cause of action) based on negligence, and one (the sixth cause of action) based on an implied warranty.
The present motion, which is a drastic remedy disposing of causes of actions on pleadings and affidavits, should not be granted where there is any doubt as to the existence of justiciable questions of fact. (Braun v. Carey, 280 App. Div. 1019.) But when it clearly appears that no material and triable issue of fact is presented it must be granted. (Di Menna & Sons v. City of New York, 301 N. Y. 118.)
A motion for summary judgment may be supported by affidavits, by a copy of the pleadings and by other available proof such as depositions and written admissions, including examinations before trial. (Rules Civ. Prac., rule 113, subd. 2; Baxter v. Institutional Shares, 281 App. Div. 892; Outwater v. Miller, 3 Misc 2d 47, 51, 52.) Upon an examination before trial plaintiff *228 stated that the rope in question — which was in a sealed plastic hag — was given to him by the defendant Fleet Marine Sales at the time he purchased a pair of water skis; he also stated that at the time of the purchase he had no contact with anyone from the defendant Roberts.
In view of this testimony, it is evident that there could be no recovery against the movant on either the express or the implied warranty theories. The Court of Appeals long ago laid down the requirement of privity of contract between the parties for an action for breach of warranty, in Turner v. Edison Stor. Battery Co. (248 N. Y. 73), which it very recently reiterated in Greenberg v. Lorenz (9 N Y 2d 195, 198), stating:11 There can be no warranty, express or implied, without privity of contract.” In the Greenberg case the court recognized the harshness of the rule which limited actions for breach of warranty arising from the purchase of unwholesome food to the member of the family actually making the purchase and, to extend the right of action to any other member injured as the result thereof, laid down the rule that “ [a]t least as to food and household goods, the presumption should be that the purchase was made for all the members of the household” (p. 200). It did not however indicate any intention to vary the privity requirement — so clearly stated — in circumstances other than those there presented. Until the Court of Appeals sees fit to change the rule in other than food cases, this court is bound to hold that, in actions like the present one, without privity of contract between the parties there can be no action on an express or implied warranty.
It might also be well to note that plaintiff seeks an extension of the Greenberg rule, not only as to the products involved, but also as to the persons upon whom liability may be imposed. Unlike Greenberg, which was concerned only with the liability of the retail seller and which found a relationship between the retailer and the members of the buyer’s family through a presumed agency, plaintiff is seeking to establish a liability for warranty on the part of the remote seller, the wholesaler, as to whom it is difficult to see how the Greenberg case has any conceivable application.
It is the conclusion of the court that, as the law of this jurisdiction now stands, plaintiff is barred by lack of privity from recovering against the movant Roberts on either of the warranties alleged in the complaint.
Turning to the cause of action stated in negligence, there is no allegation that the defendant Roberts knew or had reason to *229 know of the claimed defective condition of the ski tow rope supplied by it to Marine Fleet Sales and thence delivered to plaintiff. The only acts of negligence set forth are that Roberts failed to inspect or test the rope which could cause injury because of its defective design and failed to warn plaintiff of its condition.
Upon the examination before trial it appeared that all of the ski tow ropes purchased by Roberts came from two sources; the supplier of the rope ultimately passed on to plaintiff had filled two or three orders for Roberts before the order placed shortly before plaintiff’s purchase from Fleet Marine Sales. According to Roberts ’ buyer and manager of the sporting goods department, during his six years in that position he had purchased 4,000 to 5,000 ropes, about 2,800 of which had come from the manufacturer of the rope used by plaintiff at the time of his injury. It also appeared that the ski ropes were received by Roberts from the manufacturer in sealed plastic bags and were delivered to retailers in the same condition. They were not opened, removed or tested by Roberts and it had no part in either the manufacture or the design of the product. The question thus squarely presented is whether a recovery for personal injuries sustained by an ultimate purchaser may be had under the circumstances here presented against a wholesaler who unknowingly distributes an allegedly defective product, based solely upon the latter’s failure to examine or to test the product.
Plaintiff has failed to cite any decided case which creates liability on the part of a wholesaler or jobber for failure to inspect or test goods received and sold by it in sealed containers. Nor is the court convinced that the present law of this jurisdiction regarding products liability permits such a holding when, as here, there is no claim that the manufacturer from whom the wholesaler purchased the product was not a reputable manufacturer. Section 402 of the Restatement of Torts prescribes the duty of inspection which rests upon a middleman or dealer: 1 ‘ A wholesale or retail dealer, who sells in their original packages goods bought from reputable manufacturers, acts as a conduit through which the goods pass from manufacturer to consumer, who buys them in reliance upon the manufacturer’s reputation for competence and care. A vendor of such goods, therefore, is under no duty to subject them to rigid inspection or tests before selling them.”
Recognizing, as they do, the duty of a manufacturer to subject his product to reasonable tests and inspection to discover defects which might reasonably result in injury to the ultimate user *230 (Ritz v. Packard Motor Car Co., 261 App. Div. 908; MacPherson v. Buick Motor Co., 217 N. Y. 382), courts in this jurisdiction have nonetheless held that there is no obligation on a mere seller to inspect sealed packages (Cohen v. Dugan Bros., 132 Misc. 896, mod. 227 App. Div. 714; Foley v. Liggett & Myers Tobacco Co., 136 Misc. 468; Rosenbusch v. Ambrosia Milk Corp., 181 App. Div. 97, 100; see, also, 65 C. J. S., Negligence, § 100, p. 636), or to test for defects discoverable only on examination by an expert. (Bruckel v. Milhau’s Son, 116 App. Div. 832; Santise v. Martins, Inc., 258 App. Div. 663; Mesick v. Polk, 296 N. Y. 673.) The highest duty imposed on a seller of packaged goods by any case decided in this jurisdiction is to be found in Outwater v. Miller (3 A D 2d 670) where the court, considering the duty of an importer-distributor and wholesaler of a bicycle received and sold in a sealed carton, said: “ A bicycle is a dangerous article when defectively constructed or assembled. (MacPherson v. Buick Motor Co., 217 N. Y. 382, 387, 389.) A vendor who buys such goods from an unknown manufacturer or from one of dubious reputation knows that he does not know the condition of the chattel and has no reasonable ground for believing the chattel to be free from dangerous defects. (Restatement, Torts, § 401.) On the other hand, if the vendor buys from a reputable source of supply, he does have reasonable grounds for believing the chattel to be free from defects. (Restatement, Torts, § 402.) In the former case, the vendor does have the duty of inspection; in the latter, he does not.”
In view of the foregoing authorities, this court is of the opinion that there was no duty shown on the wholesaler Roberts to open, inspect and test the packaged ski tow ropes received by it from the manufacturer and sold to the retailer who ultimately placed it in plaintiff’s hands. There is no allegation in plaintiff’s complaint that the manufacturer of the rope was not reputable or was known to movant to put out inferior products. Nor is there anything offered in opposition to this motion indicating that any of the above circumstances exist or that plaintiff would prove this to be so on trial. On the other hand, sworn statements by movant’s buyer establishes that he had dealt extensively with the manufacturer, having purchased almost 3,000 of its ropes. The type of rope ultimately received by plaintiff was recommended to Roberts as ‘ ‘ quality merchandise ’ ’.
Plaintiff has failed to show facts sufficient to raise an issue as to the verity or conclusiveness of the evidentiary material produced by defendant Roberts. In fact the opposition to this motion consists solely of the affidavit by plaintiff’s attorney which does not attempt to set forth any evidentiary or factual *231 material indicating a duty on Roberts to inspect or test but is limited almost exclusively to a discussion of legal points involved in the motion. Plaintiff having failed to demonstrate any factual issue as to the existence of circumstances which would create such a duty on defendant Roberts, the motion for summary judgment dismissing the complaint must be granted. (Lederer v. Wise Shoe Co., 276 N. Y. 459.)