Wilfred A. Waltemade, J.
In this case, Angelo Bravo is suing the defendants, C. H. Tiebout & Sons, Inc. and the Carborundum Company, to recover damages for personal injuries sustained by him on June 16, 1958 when a grinding wheel on which he was working at his employer’s place of business broke during the operation of the wheel. This grinding wheel was manufactured by the defendant, the Carborundum Company, which sold it in February, 1955 to the codefendant, C. H. Tie-bout & Sons, Inc., a supplier, who in turn sold it during the same month to plaintiff’s employer, Flush Metal Partition Corporation.
The action by the plaintiff against the defendant C. H. Tiebout & Sons, Inc. is for a breach of implied warranty of fitness for use, and the action against the defendant the Carborundum Company is for negligence in the manufacture of the grinding wheel.
Both defendants now move at the close of the entire case for judgment and a directed verdict in their favor.
*559 With respect to the case in negligence against the defendant the Carborundum Company, plaintiff is required to prove by a preponderance of the evidence that the defendant did not use reasonable care in the manufacture, testing and inspection of its products. As was stated in the case of Bernstein v. Remington Arms Co. (16 A D 2d 694, 695) (ammunition was involved): “ One who manufactures a product which is dangerous unless carefully made is required to exercise only reasonable care in its manufacture (2 Restatement, Torts, § 395).”
There is no proof in this case that the defendant Carborundum was negligent in the procedures followed by it in its manufacture, testing and inspection of grinding wheels. There is no proof in this case that the procedures followed by the defendant were not those recognized and adopted by industry engaged in the same field as reasonably necessary to put out a safe product. The absence of such proof is reason enough for the granting of the motion for a directed verdict by the defendant the Carborundum Company (see Doyle v. Carborundum Co., 9 A D 2d 765).
In addition, the evidence in this case is undisputed that at the time of the accident, the grinding machine on which the plaintiff was working was not provided with a protective hood as required by section 19.22 of the Rules of the Board of Standards and Appeals of the State of New York (12 NYCRR 19.22), which constitute the Industrial Code of this State. This plaintiff testified that he had (six years) experience as a grinding machine operator prior to his employment by the Flush Metal Partition Corporation, at whose place of business this accident occurred. There is uncontroverted evidence that this plaintiff would not have been struck by any of the broken pieces of the grinding wheel had the machine been equipped with the required protective hood. The evidence is further undisputed that the blotter, or label, affixed to the grinding wheel contained the legend “ See A. S. A. Safety Code for operating and speed conditions.” The provisions of this code are identical with those of the New York State Industrial Code which require that a grinding machine using a grinding wheel of the size and type involved in this lawsuit, must be equipped with a protective metal hood. Section 19.22 (subd. [a], par. [2], cl. [iii]) provides that “ A protection hood is an enclosure for an abrasive wheel consisting of a peripheral and two side members. Its main function is to effectively retain the pieces of the wheel should it break in operation. ’ ’
Under these conditions the defendant the Carborundum Company had every reason to expect that its abrasive wheels *560 would be used in accordance with its instructions and the laws of this State, and it could not reasonably foresee that a user of its products would operate a grinding machine without the use of the necessary protective hood which was required for the protection of the user.
Section 19.3 of the Industrial Code, Part 19 (12 NYCRR 19.3) sets forth: “ Responsibility. Every employee shall be responsible for carrying out all rules which immediately concern or affect his conduct, and shall use safety device furnished for his protection.”
A workingman experienced in the use of grinding wheels, as the plaintiff herein, cannot disregard the injunction set forth in this rule with impunity or without assuming responsibility for his own nonadherence to the rules for safe and proper conduct in the use of machinery which is recognized as dangerous. The plaintiff’s conduct constitutes contributory negligence as a matter of law.
The Industrial Code provisions are promulgated and revised from time to time in conferences attended by the State Industrial Commissioner and his Industrial Council, consisting of four representatives of labor and four representatives from industry. The provisions of the State Industrial Code are established for the protection of working people, and gives them notice of certain safe standards, practices and procedures which must be followed by them and their employers in the covered industries. As to others, such as the defendant manufacturer of grinding wheels, the responsibility of the user-employer and his employees is equal insofar as their obligation to use his product in accordance with the manufacturer’s notice and reference on the wheel blotters (labels) to the A. S. A. Code provisions regarding the safe use of the grinding wheels.
No reported cases interpreting sections 19.3 and 19.22 of the Industrial Code could be found and counsel for the parties could not provide any citations. Apparently, this is a case of first impression.
The court believes that the plaintiff had a remedy in an action against his employer under section 2 of the Employers’ Liability Law wherein the rulings made herein would not necessarily apply.
Even if it had been found that the manufacturer (Carborundum) was negligent in its manufacturing process or testing procedure, nevertheless there would be no liability to the employee-user because the rule of MacPherson v. Buick Motor Co. (217 N. Y. 382) is to be distinguished. In that case the ultimate user of the manufactured product (automobile) was not *561 charged with any obligation to use additional equipment to render the product safe, whereas in the case at bar, by the provisions of the Industrial Code established pursuant to the authorization granted by statute (Labor Law, §§ 28, 200), the ultimate users were required to attach a safety device (protective hood) to the machine (grinder) on which the manufacturer’s product (abrasive wheel) was used.
For all of the foregoing reasons, the motion by the defendant the Carborundum Company is granted, and the jury is directed to bring in a verdict in its favor.
Now, with respect to the complaint against the defendant C. H. Tiebout & Sons, Inc., the motion by that defendant for a directed verdict must also be granted.
There is no evidence in this case that the Carborundum Company, from whom the defendant Tiebout purchased the grinding wheel, was not a reputable company. On the contrary, the evidence establishes that Carborundum Company was a reputable source of supply and has been engaged in this type of business for many years. Where a vendor buys from a reputable source of supply, he has reasonable grounds for believing that the product which he purchases is free from defects, and he therefore has no duty to inspect same (see Restatement, Torts, § 402; Sparling v. Podzielinski, 32 Misc 2d 227). The plaintiff’s employer recognized the quality and fitness of the Carborundum wheels by specifying them by trade name in the orders placed with the defendant Tiebout. Subdivision 4 of section 96 of the Personal Property Law provides: “In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose.” This defendant had no reason to suspect or believe that the grinding wheel had any defect, consequently it cannot be held liable. Further, as the court stated before, the plaintiff failed to comply with the instructions contained on the blotter and rule 19.22 regarding the use of a protective hood. This defendant is not to be held liable for injuries sustained by a plaintiff who could have prevented same had he followed such directions or complied with the code enacted for his benefit and protection. The defendant Tiebout could not reasonably foresee that the ultimate user of the grinding wheel would operate such wheel except in accordance with the label directions and the law.
Judgment is therefore directed for both defendants, and the jury is directed to return a verdict in favor of both defendants.