EDWARD CLOHESSY, an Infant, by His Guardian ad Litem ELEANOR CLOHESSY, et al., Respondents, v. JOSEPH FELLE, Doing Business as the WISHING WELL, Defendant, and MARQUETTE CORPORATION, Appellant.—

In my opinion this holding by the majority is incorrect for several reasons, even if we were to assume (as the majority is holding) that these code provisions do not apply to the manufacturer of a washing machine but only to the machine's owner and installer. First: The trial court did not tell the jury that violation of these code provisions would be negligence; he merely said that the Board of Standards and Appeals was empowered to make regulations with reference to manufacturers of washing machines; and he then simply read the subject code provisions to the jury, with no other comment upon them or their effect. Hence, we may fairly assume that this part of the charge was intended to, and did, instruct the jury that these code provisions could be considered by the jury as some evidence of the standard of care that should be exercised by a reasonably careful manufacturer of washing machines. So viewed, I believe the charge was correct, since a relevant safety standard in a statute, ordinance or regulation of a governmental body (being an official public pronouncement of a standard of reasonable care) certainly merits consideration by a jury on the question whether the defendant in the case before it has met the common-law standard of prudent conduct. Second: If we were to assume that this part of the charge was error, I think it was error that should be disregarded as immaterial. There was overwhelming proof of negligence in this case; and the proof of breach of warranty of fitness for use was even stronger. I cannot conceive that the jury could or would have reached a different verdict even if that supposedly erroneous instruction had not been given. That being so, we can and should disregard the supposed error as immaterial. To reverse and grant a new trial, as the majority is doing, is in my opinion pointless, since it will merely put the parties to the trouble of retrying this case with the same result.